Grant E. Kinsel (State Bar No. 172407)
E-Mail: gkinsel@foley.com
Lori V. Minassian (State Bar No. 223542)
E-Mail: lminassian@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3500
Los Angeles, Ca 90071-2411
Telephone: 213.972.4500
Facsimile: 213.486.0065

Attorneys for Plaintiff
PATENT CATEGORY CORPORATION

FILED
CLERK, U.S. DISTRICT COURT
AUG 15 2008
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PATENT CATEGORY CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Minnesota corporation, and FRANKLIN SPORTS, INC., a Delaware corporation,<br><br>Defendant. | Case No: CV 07-2971 GW (SSx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Hon. Judge George H. Wu |

**WHEREAS**, the parties to this action—Plaintiff Patent Category Corporation ("PCC") and Defendants Target Corporation and Franklin Sports, Inc. ("Defendants") agree that certain information that is or may be provided by the parties in this action is confidential and should be protected from unlimited and unrestrained disclosure; and

**WHEREAS**, the parties believe that it would facilitate necessary production of confidential information to produce such information under a protective order pursuant to Fed. R. Civ. P. 26(c).

Therefore, **IT IS HEREBY STIPULATED**, subject to the approval of the Court, that:

### *GOOD CAUSE STATEMENT*

In accordance with the *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1209 (9th Cir. 2002) and other like authority, the parties hereby state that there is good cause for issuing this Protective Order, as follows: A review of the initial sets of relevant documents to be produced in this case has revealed that the parties anticipate exchanging certain confidential information, including trade secrets (as defined in Cal. Civil Code § 3426.1) such as customer lists and proprietary product designs, as well as "confidential research, development and commercial information" (as defined in Fed. R. Civ. P. 26(c)(7)) such as non-public sales and profit information relevant to the damages claimed in this action.

1. As used herein, "Confidential Information" refers to information that a party or non-party witness claims to be confidential, including trade secrets (as defined in Cal. Civil Code § 3426.1) such as customer lists and proprietary product designs, as well as "confidential research, development and commercial information" (as defined in Fed. R. Civ. P. 26(c)(7)) such as non-public sales and profit information. In determining the scope of information which a party may designate as its Confidential Information, each party acknowledges the importance of client access to all information material to client decision-making in the

prosecution or defense of litigation, and therefore agrees that designations of information as Confidential Information and responses to requests to permit further disclosure of Confidential Information shall be made in good faith and (1) not to impose burden or delay on an opposing party, (2) not for tactical or other advantage in litigation, and (3) not in order to avoid embarrassment. Further, each party agrees to use its best efforts to avoid as much as possible inclusion of Confidential Information in briefs and other captioned documents filed with the court, in order to minimize sealing and designating as Confidential such documents.

2. Information to be treated under this Protective Order as Confidential Information shall include, but is not limited to, the following:

    a. information voluntarily furnished or set forth in response to discovery requests made under Fed. R. Civ. P. 31, 33, 34, or 36, provided that, prior to disclosure to the receiving party, the information or responses are either plainly marked or otherwise identified by the producing party on at least the caption page with a legend bearing the word "CONFIDENTIAL," or notice in writing is given by the producing party identifying, by Bates number, the pages that are designated "CONFIDENTIAL";

    b. information set forth in documents made available for inspection by the producing party voluntarily or under Fed. R. Civ. P. 33(d) or 34 and which are identified at the time of inspection as comprising Confidential Information;

    c. information set forth in any copies of documents produced to the discovering party voluntarily or under Fed. R. Civ. P. 33(d) or 34, provided that, prior to delivery of the copies to the receiving party, the copies are either marked by the producing party, preferably at the lower center of each page, with a legend bearing the word "CONFIDENTIAL" and an identifying document control number prefixed with one or more letters identifying the producing party, or notice

in writing is given by the producing party identifying, by Bates number, the pages that are designated "CONFIDENTIAL";

   d. information revealed by inspection of things or premises voluntarily or under Fed. R. Civ. P. 34, provided that, prior to the inspection, the party permitting inspection states in writing that its Confidential Information will be disclosed by the inspection and specifies in writing those parts of the things or those areas of the premises in which its Confidential Information will be revealed;

   e. information revealed during depositions upon oral examination under Fed. R. Civ. P. 30 or pursuant to subpoena under Fed. R. Civ. P. 45, except that the information revealed during any particular deposition shall cease to be Confidential Information fifteen days after the deposition transcript becomes available, unless before the fifteen day period has expired, the witness, his employer, or his counsel designates in writing that Confidential Information of the witness or his employer is set forth in the transcript and identifies in writing the portions of the transcript that set forth that Confidential Information. In the case of non-party witnesses, either a party or the non-party witness may designate information revealed as its Confidential Information within fifteen days after the deposition transcript becomes available;

   f. documents, information or discussions exchanged pursuant to any settlement negotiations or mediation; and

   g. any summary, digest, analysis or comment on any information identified in categories a - f.

  3. Confidential Information shall be disclosed only to (a) the Court (together with an application requesting that the Confidential Information be filed under seal), (b) the parties' respective outside counsel (including support staff as reasonably necessary), (c) outside stenographic court reporters and language translators (including support staff as reasonably necessary), and (d) the additional individuals listed in items (i) through (vii) below, provided that such additional

individuals, except for those in categories (iv) and (vi), have read this Stipulation and Protective Order and signed an Undertaking in the form of the "Acknowledgement" attached as Exhibit A, which shall be retained in the files of outside counsel:

    (i) up to two corporate representatives of each party (officers, directors, or employees of Plaintiffs or Defendant who have been charged by their respective corporations with the responsibility for making business decisions dealing directly with the litigation of this action);

    (ii) up to two technical personnel of each party who need to be consulted by outside counsel, in the discretion of such counsel, in preparation for proceedings in this action;

    (iii) outside experts and outside consultants retained in this action;

    (iv) a deponent or other witness who authored, received, or saw a document or thing marked " CONFIDENTIAL" or who is otherwise familiar with the Confidential Information, but only to the extent of the person's familiarity with the Confidential Information;

    (v) representatives of the parties' respective insurers who have agreed to provide coverage with respect to the defense of claims in this action;

    (vi) paralegals, stenographic, clerical employees, and translators associated with the individuals enumerated in (d)(i)-(v) above, but only as part of a disclosure to said individuals in accordance with this stipulation and order; and

    (vii) such other individuals as the parties may stipulate in writing.

4.    Any of the parties may designate especially sensitive Confidential Information as being produced for "ATTORNEYS' EYES ONLY." This designation shall be made as sparingly as possible. Where the marking or designation of documents, testimony, pleadings, or things is required under Paragraph 1 above, a legend bearing the words "ATTORNEYS' EYES ONLY" or its equivalent shall be used in addition to the legend bearing the word

"CONFIDENTIAL." Confidential Information which is designated "ATTORNEYS' EYES ONLY" may not be disclosed to any of the individuals identified in Paragraph 3(i), (ii), (v).

5. Confidential Information shall be revealed by the receiving party only to the persons permitted access to it pursuant to Paragraphs 3 and 4 above, and shall not be disclosed by the receiving party to persons other than those specified in Paragraphs 3 and 4. Confidential Information shall be used by the receiving party solely for the purposes of this action, and not for any competitive purpose.

6. If a document containing Confidential Information is filed with the Court, it shall be filed together with an application requesting that the Confidential Information be filed under seal, in accordance with Local Rule 79-5.1.

7. Should need arise during the trial or any hearing before the Court for either party to cause Confidential Information to be disclosed, it may do so only after an appropriate in camera inspection or other safeguards are requested of the Court or are otherwise ordered by the Court.

8. This Protective Order shall not prevent either party from moving this Court, pursuant to Local Rule 37, for an order that Confidential Information is not, in fact, confidential or that the designation of "ATTORNEYS' EYES ONLY" is inappropriate.

9. This Protective Order is without prejudice to the right of either party to move this Court for an Order further restricting disclosure or use of any Confidential Information.

10. Nothing in this Protective Order shall preclude either party from disclosing or using, in any manner or for any purpose, any information which either was lawfully in its possession prior to being designated Confidential Information in this litigation or was obtained from a third party having the apparent right to disclose such information.

11. Nothing in this Protective Order shall require production of

information which a party contends is protected from disclosure by the attorney-client privilege or the work product immunity. If information subject to a claim of attorney-client privilege or work product immunity is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for such information. Upon notice by a producing party of any inadvertent disclosure of information subject to a claim of attorney-client privilege or work product immunity, the receiving party shall immediately return all such information (including all copies of any documents) to the producing party.

12. In the event of any accidental or inadvertent disclosure of Confidential Information other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Confidential Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Confidential Information in any form. Compliance with the foregoing shall not prevent the disclosing party from seeking further relief from the Court.

13. The recipient of any Confidential Information shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the Confidential Information as is exercised by the recipient with respect to its own confidential information of a similar nature, but in no event less than due care. Each recipient of any Confidential Information produced in this action hereby agrees to be subject to the jurisdiction of this Court solely for the purposes of the implementation and enforcement of this Protective Order.

14. This Protective Order is valid throughout the course of this litigation (defined to include all proceedings herein, appeals and/or remands), and shall survive the termination of this litigation. Upon final termination of this litigation,

1   all of the parties' copies of documents containing Confidential Information shall be
2   destroyed, with the exception of one archival copy of pleadings, correspondence,
3   work product, discovery responses, depositions, deposition exhibits, Court exhibits
4   and documents produced, which may be retained by outside counsel.
5       15.   The terms of this Protective Order may be applied to the documents,
6   information and things received by a party from any person who is not a party to
7   this litigation at the election of such person.
8       16.   Any litigation with respect to this Protective Order shall be conducted
9   pursuant to the Local Rules. This order is subject to modification by the Court.
10      IT IS SO STIPULATED.

12   Dated: June 3, 2008           FOLEY & LARDNER LLP
                                     GRANT E. KINSEL
                                       LORI V. MINASSIAN

                                       By: /s/ Grant E. Kinsel
                                             GRANT E. KINSEL
                                          Attorneys for Plaintiff
                                       PATENT CATEGORY CORPORATION

Dated: June 3, 2008            PARK LAW FIRM

                                       By: /s/ Chong H. Roh
                                           CHONG H. ROH
                                       Attorneys for Defendants
                                       TARGET CORPORATION AND
                                     FRANKLIN SPORTS, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PATENT CATEGORY CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Minnesota corporation, and FRANKLIN SPORTS, INC., a Delaware corporation,<br><br>Defendant. | Case No: CV 07-2971 GW (SSx)<br><br>**ACKNOWLEDGEMENT TO STIPULATED PROTECTIVE ORDER**<br><br>Hon. Judge George H. Wu |

1

ATTACHMENT A

ACKNOWLEDGEMENT
CV 07-2971 GW (SSX)

LACA_1903566.1

ACKNOWLEDGEMENT OF _____

PURSUANT TO PARAGRAPH 3 OF STIPULATED PROTECTIVE ORDER

I, _____, having been warned that perjury is a crime punishable under the laws of the United States, declare as follows:

1. I have read and understand the contents of the STIPULATED PROTECTIVE ORDER agreed to by the parties and signed by the united states district judge in this matter.

2. I am a recipient under Paragraph 3 of the STIPULATED PROTECTIVE ORDER authorized to receive "Confidential" information. I have executed this Declaration and have agreed to observe the conditions provided in the STIPULATED PROTECTIVE ORDER prior to any disclosure to me of any item designated under the STIPULATED PROTECTIVE ORDER.

3. I expressly agree that:

(a) I have read and shall be fully bound by the terms of the STIPULATED PROTECTIVE ORDER;

(b) All items that are disclosed to me under the STIPULATED PROTECTIVE ORDER shall be maintained in strict confidence, and I shall not disclose or use the original or any copy of, or the substance of, any item provided to me except in accordance with the joint protective order;

(c) I shall not make, or cause to be made, any copy of such item in any form, except as permitted under the STIPULATED PROTECTIVE ORDER;

(d) I shall not use or refer to any item or substance of an item so designated other than in connection with this litigation and as prescribed in the STIPULATED PROTECTIVE ORDER; and

(e) I shall, upon notification that this litigation has terminated, return any copies of items to counsel for the producing party at such counsel's expense, and I

shall destroy any notes or memoranda I have that concern such items.

4.    I do and shall subject myself to the continuing jurisdiction of the above-captioned court over my person, wherever I shall be found, for purposes of enforcement of the STIPULATED PROTECTIVE ORDER.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____

Name: _____

Title: _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PATENT CATEGORY CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Minnesota corporation, and FRANKLIN SPORTS, INC., a Delaware corporation,<br><br>Defendant. | Case No: CV 07-2971 GW (SSx)<br><br>[~~PROPOSED~~] ORDER ON STIPULATED PROTECTIVE ORDER<br><br>Hon. Judge George H. Wu |

The Court, having considered the parties' Stipulated Joint Protective Order, and good cause appearing therefore, hereby orders that the provisions of said Stipulated Joint Protective Order are approved, adopted and incorporated by this reference, and the same shall constitute the Protective Order of this Court.

IT IS SO ORDERED.

Dated: _____          _____
                                        Honorable Judge George H. Wu

Submitted by:

Dated: August 13, 2008

Foley & Lardner LLP                     Park Law Firm


by:   /s/ Grant Kinsel                  by:   /s/ Chong H. Roh
      Grant Kinsel                            Chong H. Roh
      Attorneys for Plaintiffs                Attorneys for Defendants

IT IS SO ORDERED.
DATED: 8/13/08
_____
UNITED STATES MAGISTRATE JUDGE